UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UMAR ALLI,<br><br>        Plaintiff,<br><br>   -against-<br><br>ESU OFFICER PALMER, et al.,<br><br>        Defendants. | 1:23-CV-4699 (JGK)<br><br>ORDER OF SERVICE |

JOHN G. KOELTL, United States District Judge:

  Plaintiff, who is currently incarcerated in the Attica Correctional Facility, filed this *pro se* action asserting claims under 42 U.S.C. § 1983; the Court construes Plaintiff's complaint as asserting claims under Section 1983 and under state law. Plaintiff sues: (1) "ESU[1] Officer Palmer"; (2) the City of New York; (3) "John Doe ESU Officers of July 29th, 2020 Use of Force"; (4) "Warden of MDC[2] John Doe"; (5) "John Doe Probe Team Officers 1 through 9 on July 31st, 2020 Use of Force"; (6) "ESU Captain Alexis"' (7) "John Doe MDC Intake Captain"; and (8) "Deputy Warden on July 31st 2020." He sues the individual defendants in their official and individual capacities.

  By order dated June 5, 2023, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[3] The Court: (1) requests that the City of New York, and Defendants Palmer, "Warden of MDC John Doe," and Alexis waive service of summonses; (2) directs those defendants to comply with Local Civil Rule 33.2; and (3) directs

---

[1] "ESU" refers to the New York City Department of Correction's Emergency Services Unit.

[2] "MDC" refers to the Manhattan Detention Complex.

[3] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

the Corporation Counsel of the City of New York to provide to the Court and to Plaintiff the names and badge numbers (if appropriate) of the unidentified defendants.

## DISCUSSION

### A.    Identified defendants

The Court directs the Clerk of Court to notify the New York City Department of Correction ("DOC") and the New York City Law Department of this order. The Court requests that the following defendants waive service of summonses: (1) ESU Officer Palmer; (2) the City of New York; (3) the Warden of MDC; and (4) ESU Captain Alexis.

### B.    Local Civil Rule 33.2

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of the date of this order, Defendants Palmer, the City of New York, the Warden of MDC, and Alexis must serve responses to those standard discovery requests. In their responses, those defendants must quote each request verbatim.[4]

### C.    Unidentified defendants

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying unidentified defendants. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the DOC to identify the unidentified defendants. They include: (1) those ESU officers, who, on July 29, 2020, along with Defendant Palmer,

---

[4] If Plaintiff would like copies of those discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the court's Pro Se Intake Unit.

2

encountered Plaintiff; (2) those members of the MDC Probe Team who, on July 31, 2020, extracted Plaintiff from his MDC cell; (3) the MDC intake captain on duty when Plaintiff was held in an MDC intake cell on July 31, 2020; and (4) the MDC Deputy Warden who encountered Plaintiff while he was held in an MDC intake cell on July 31, 2020. It is therefore ordered that the Corporation Counsel of the City of New York, who is the attorney for and agent of the DOC, must ascertain the identity and, if appropriate, badge number of each of the unidentified defendants whom Plaintiff seeks to sue here and the address where each of those defendants may be served.[5] The Corporation Counsel must provide this information to Plaintiff and the Court within 60 days of the date of this order.

Within 30 days of receiving this information, Plaintiff must file an amended complaint naming the newly identified defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order requesting that the newly identified defendants waive service of summonses, and directing them to comply with Local Civil Rule 33.2.

### D.   New York Legal Assistance Group

Plaintiff may consult the legal clinic opened in this judicial district to assist people who are parties in civil cases, but who do not have lawyers. The clinic is operated by a private organization called the New York Legal Assistance Group ("NYLAG"); it is not part of, or

---

[5] If any unidentified defendant is a current or former DOC employee or official, the Corporation Counsel should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than personal service at a DOC facility. If an unidentified defendant is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, the Corporation Counsel must provide a residential address where that individual may be served.

3

operated by, the court (and, among other things, therefore, it cannot accept filings on behalf of the court, which must still be filed by a *pro se* party in the court's Pro Se Intake Unit).

To receive limited-scope assistance from the clinic, Plaintiff may mail a signed retainer and intake form to the NYLAG Pro Se Clinic at 40 Foley Square, LL22, New York, New York 10007. Once the paperwork is received, the clinic will coordinate contact with the litigant. Once received, it may take up to two weeks for the clinic to contact the litigant. Copies of the clinic's flyer, retainer, and intake form are attached to this order.

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court also directs the Clerk of Court to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the following defendants waive service of summonses: (1) ESU Officer Palmer; (2) the City of New York; (3) the Warden of MDC; and (4) ESU Captain Alexis.

The Court further directs those defendants to comply with Local Civil Rule 33.2 within 120 days of the date of this order.

The Court additionally directs the Clerk of Court to mail a copy of this order and a copy of the complaint to the Corporation Counsel of the City of New York, at 100 Church Street, New York, New York 10007.

An amended complaint form is attached to this order.

A flyer, retainer, and intake form from NYLAG are also attached to this order.

SO ORDERED.

Dated:
    New York, New York
    7/5/23

_____
JOHN G. KOELTL
United States District Judge